**FU XIANG JIANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–1102–AG.**

United States Court of Appeals, Second Circuit.

March 8, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Donald W. Washington, United States Attorney, Western District of Louisiana, Katherine W. Vincent, Assistant United States Attorney, Lafayette, Louisiana, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 8th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DE-CREED that the petition for review is DENIED.

Fu Xiang Jiang, a native and resident of China, petitions for review from the denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Arango-Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida-Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. Ashcroft*, 232 F.3d 279, 286–88 (2d Cir. 2000).

■ In his petition for review, Jiang claims that the IJ's adverse credibility finding, based on a lack of detail, is erroneous as a matter of law because his testimony was not "too vague" per this Court's precedent. This Court in *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003), explained that there is a "distinction be-

tween testimony that adverts (albeit not in great detail) to the facts corresponding to the definitional elements of 'refugee,' and testimony ... that fails to make out those elements." In this case, as in *Qiu*, Jiang's testimony lacked detail, yet was sufficient to make out a claim that he falls into the category of a refugee. Nonetheless, unlike the applicant in *Qiu*, Jiang was specifically asked for further details and when he was unable to prove them the IJ reasonably became suspicious. Moreover, Jiang was unable to adequately explain inconsistencies in the documents he submitted in support of his claims for relief.

In this case, the IJ noted several problems with Jiang's testimony, including numerous internal inconsistencies with the documents submitted in support of his claim, which he failed to adequately explain. In particular: (1) there are two sets of abortion certificates in the record, with conflicting dates; (2) Jiang testified that the abortion certificates were issued contemporaneously with the dates of the abortions, yet both sets of abortion certificates were issued years after the alleged abortions; (3) it was unclear how Jiang's wife obtained the abortion certificates from her former employer, when she had not worked there in over a decade; (4) there was a conflict between the certificate issued by the Fuzhou City Refrigeration Equipment Manafactory, indicating that the abortion occurred on March 15, 1988, and the diagnosis certificate issued by the People's Hospital Affiliated with Fujian Chinese Medical College, indicating that it occurred on March 15, 1989. Although Jiang correctly points out that the year listed in the translation of this latter certificate appears to differ from the original, the year on the original looks like 1998, making it even further from the actual date he alleges.

Jiang has not challenged the IJ's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d at 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).